W. **Quinten COLE, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

**Appeal No. 84–1234.**

United States Court of Appeals, Federal Circuit.

Feb. 8, 1985.

1980.

Samuel A. Perroni, argued, Perroni & Rauls, P.A., Little Rock, Ark., for petitioner.

Beacham O. Brooker, Jr., argued, Dept. of Justice, Washington, D.C., for respondent. With him on brief were Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director, and Thomas W. Petersen, Washington, D.C.

Before FRIEDMAN, RICH and BENNETT, Circuit Judges.

BENNETT, Circuit Judge.

W. Quinten Cole appeals the decision of the Merit Systems Protection Board, No. DA08318310075 (July 29, 1983), which affirmed-in-part and reversed-in-part the Office of Personnel Management's (OPM) determination that certain periods of his service were not as a "firefighter" as defined in 5 U.S.C. § 8331(21) (1976). We affirm-in-part, vacate-in-part, and remand.

## BACKGROUND

This appeal arises from Cole's contention that his service with the United States Department of Agriculture, Forest Service,[1] entitles him to an annuity pursuant to 5 U.S.C. § 8336(c) (1976).[2]

In response to Cole's claim of entitlement, the Forest Service determined that the first period of service was creditable and the fifth period of service was probably creditable. Pursuant to 5 C.F.R.

---

1. Cole worked intermittently from the early 1950s until the early 1980s. He characterizes his employment as 13 periods of service:

    1. 6/10—9/12/53:  Fire Control Aid, GS–3.
    2. 9/13—12/17/53:  Forestry Aid (Timber Management), GS–3.
    3. 6/14—9/17/54:  Forestry Aid (Timber Management), GS–4.*
    4. 6/6—9/25/55:  Forestry Aid (Dispatcher), GS–5.*
    5. 3/15/56—3/23/57:  Forester (Administration), GS–5.*
    6. 3/24/57—5/17/58:  Forester (Administration), GS–7.
    7. 5/18/58—5/28/60:  Forester (Administration), GS–9.
    8. 5/29/60—7/31/65:  Forester (Administration), GS–11.
    9. 8/1/65—1/28/67:  Forester (Administration), GS–11.
    10. 1/29/67—10/19/68:  Forester (Administration), GS–11.
    11. 10/20/68—11/19/77:  Forester (Administration), GS–12.
    12. 11/20/77—12/13/80:  Supervisory Forester, GS–12.
    13. 12/14/80—Unspecified:  Biological Scientist, GS–12.

    * Preceded by a break in service.

---

2. 5 U.S.C. § 8336(c) (1976) states:

An employee who is separated from the service after becoming 50 years of age and

§ 831.905 (1981), OPM approved the claim for the first period of service and disallowed the claims for the other periods of service.[3] The board affirmed OPM's credibility-of-service determination except with respect to the fifth period, holding that the fifth period was creditable as firefighter service.

## DISCUSSION

Cole contends that the board's determination that his fourth, sixth through eighth, eleventh, and twelfth periods of service were not as a firefighter was based on an erroneous interpretation of the statutory definition of "firefighter."[4] Pursuant to 5 U.S.C. § 8347(a) the Civil Service Commission prescribed regulations interpreting and amplifying the section 8331(21) definition.[5]

completing 20 years of service as a law enforcement officer or firefighter, or any combination of such service totaling at least 20 years, is entitled to an annuity.

3. Cole claimed that the first, fourth through eighth, eleventh, and twelfth periods were creditable as firefighter service.

4. 5 U.S.C. § 8331(21) states:

"firefighter" means an employee, the duties of whose position are primarily to perform work directly connected with the control and extinguishment of fires or the maintenance and use of firefighting apparatus and equipment, including an employee engaged in this activity who is transferred to a supervisory or administrative position.

5. 5 C.F.R. § 831.904 (1981) states:

(a) "Firefighter" includes an employee whose primary duties, as set forth in the official position description, require the performance of work directly connected with the control and extinguishment of fires, or the maintenance and use of firefighting apparatus and equipment.

(b) "Firefighter" also includes an employee who is transferred to a position the primary duties of which are not the control and extinguishment of fires or the maintenance and use of firefighting apparatus and equipment, or from such a position to another such position, if—

(1) Service in the position transferred to follows service in a firefighter position without—

(i) A break in service of more than three days; or

An employee may qualify as a firefighter by either of two ways. The first half of section 8331(21) covers employees who serve in a firefighter position. The second half of section 8331(21) covers employees who transfer from a firefighter position to a supervisory or administrative position.

The court, in *Ellis v. United States*, 222 Ct.Cl. 65, 610 F.2d 760, 765 (1979), held to be a nullity that portion of 5 C.F.R. § 831.904(a) which requires the determination of an employee's primary duties to be based solely on the official position description. In reviewing Cole's claim that certain periods of service were covered by the first half of section 8331(21), the board followed the holding of the *Ellis* court, and looked behind the duties as set forth in the official position description. In analyzing Cole's claim that his primary duty during the fourth period of service was "the mainte-

(ii) Intervening employment that was not as a firefighter;

(2) The duties of the position transferred to are in the firefighting line of work in an organization with firefighting responsibilities; and

(3) The position transferred to is—

(i) Supervisory—one which requires a duty of supervising subordinate employees who are directly engaged in firefighting and/or in the maintenance and use of firefighting apparatus and equipment; or

(ii) Administrative—one which includes an executive or managerial position and may include a clerical, technical, semiprofessional, or professional position of a type also found in organizations with no firefighting responsibilities: *Provided,* That experience as a firefighter is a basic qualification for the administrative position.

(c) A firefighter, as defined in section 8331(21), of title 5, United States Code, who has transferred to a position identified by paragraph (b) of this section, under the conditions described in this paragraph, shall be deemed to have met the transfer requirements for all subsequent employment in supervisory and/or administrative firefighter positions, except for any period of reemployment as an annuitant under title 5, United States Code, section 8336(b) or section 8336(c). This applies only to firefighters who are employed on or after December 31, 1979.*

* The commission subsequently amended section 831.904(c), correcting "8336(b)" to read "8335(b)." 45 Fed.Reg. 38,787 (1983).

nance and use of firefighting apparatus and equipment," the board considered a letter from Cole's former supervisor, M.F. Phillip, in which Phillip states: "as a dispatcher in 1955, you were responsible for the daily supervision of fire crews and the dispatching of men and equipment to all fires on the district. Experience as a firefighter was necessary for you to do this job." The board reasoned, however, that Cole's duties of dispatching men and equipment did not fall within the ambit of the first half of section 8331(21). We agree.[6]

In denying Cole credit for the sixth period of service, the board considered a letter from Cole's former supervisor, Donald E. Jirsa. Concerning the sixth period, Jirsa wrote Cole stating: "On that district you were also Assistant District Ranger and again one of your primary duties was fire control." The board, however, found that Cole's duties were primarily timber cutting, not firefighting. Thus, the board concluded that neither the official position description nor any other documentary evidence of record qualified Cole under the first half of section 8331(21). There is nothing in the record that indicates that the board's conclusion is unsupported by substantial evidence.[7] In determining whether the seventh, eighth, and eleventh periods qualified under the first half of section 8331(21), the board considered the firefighting activities in which Cole participated, but concluded they were not Cole's primary duties. There is substantial evidence in the record to support the board's conclusion.

In order to qualify under the second half of section 8331(21), the service in the position in question must follow service in a firefighter position, i.e., a position as defined by the first half of section 8331(21). 5 C.F.R. § 831.904(b)(1). In evaluating whether Cole's sixth period satisfied this threshold requirement, the board ignored the holding of the *Ellis* court, and looked solely to the official position description of the preceding service. Although the board had determined that Cole's fifth period of service was creditable, it did so by relying on evidence which contradicted the accuracy of the official position description. Since the official position description did not reveal the fifth period of service as being that of a firefighter, but rather that of a forester, the board reasoned that the sixth period of service did not satisfy 5 C.F.R. § 831.904(b)(1). The board's reasoning exalts form over substance and produces the kind of result that the *Ellis* court considered as "out of harmony with the statute." 610 F.2d at 765. The official position description is only one indicia of whether an employee is a firefighter within the meaning of section 8331(21). Accordingly, we vacate this portion of the board's decision determining that the second half of section 8331(21) was not a basis for crediting Cole's sixth and subsequent periods of service. Although the board stated that "the promotion to the [sixth] position may have represented a transfer to a supervisory or administrative position," it did not make any findings on the issue. We remand to the board for its determination of whether Cole satisfied the other transfer requirements contained in 5 C.F.R. § 831.-904(b)(2)–(3).[8]

We have fully considered Cole's contentions of procedural error and find them to be without merit. The board has wide discretion in determining when it is appropriate to extend the time in which a party must respond to a petition for appeal. Although the board's delay in rendering the

---

**6.** Cole is precluded from qualifying under the second half of section 8331(21) because the fourth period is preceded by "a break in service of more than three days." 5 C.F.R. § 831.-904(b)(1)(i).

**7.** Cole's allegation that during the sixth period he spent over 60 percent of his time performing work related with fire control is unsupported by the record. Jirsa's letter reveals that it was during the fifth period that Cole spent over 60

percent of his time in fire related work. The board relied on Jirsa's letter when it reversed OPM, crediting Cole's fifth period of service.

**8.** If the board determines that the sixth position was a qualified transfer, 5 C.F.R. § 831.904(c) deems that the transfer requirements for all subsequent employment in supervisory and/or adminstrative firefighter positions are satisfied.

decision is unfortunate, Cole does not allege that he was harmed by the board's delay.

AFFIRMED–IN–PART, VACATED–IN–PART, and REMANDED.