William R. LITTLE, Jr., Petitioner,

v.

OFFICE OF PERSONNEL
MANAGEMENT,
Respondent.

Appeal No. 85–514.

United States Court of Appeals,
Federal Circuit.

May 10, 1985.

William D. Mallard, Jr., Bates, Baum, Landey, Mallard & Slotin, of Atlanta, Ga., argued, for petitioner.

Stephen R. Bergenholtz, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued, for respondent. With him on brief were Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director, M. Susan Burnett, Asst. Director and R. Anthony McCann, Washington, D.C.

Joseph A. Morris, Gen. Counsel and John Howard, Office of Personnel Management, Washington, D.C., of counsel.

Before BENNETT, SMITH and BISSELL, Circuit Judges.

BISSELL, Circuit Judge.

Petitioner William R. Little, Jr., seeks review of the final order (Docket No. AT08318410041) of the Merit Systems Protection Board (Board) 22 M.S.P.R. 287, holding that he had not proved that he was entitled to a retirement annuity under 5 U.S.C. § 8336(c)(1) (1982). We affirm.

## BACKGROUND

Petitioner was employed by the Department of State as a Security Specialist from 1961 to 1971, rising from GS–9 through GS–13 before he was transferred to the Department of Justice. On March 24, 1983, his employing agency requested a ruling from the Office of Personnel Management (OPM) on petitioner's eligibility for a retirement annuity as a law enforcement officer.[1] Along with its request the employing agency submitted several items: (1) a letter from petitioner; (2) letters from his two former supervisors at the Department of State; and (3) a record of arrest made by petitioner. OPM ruled that his service in the Department of State was not creditable because the duties listed in his official position description were not the

---

1. 5 U.S.C. § 8336(c)(1) provides:

"An employee who is separated from the service after becoming 50 years of age and completing 20 years of service as a law enforcement officer or firefighter, or any combination of such service totaling at least 20 years, is entitled to an annuity."

duties of a law enforcement officer as defined in 5 U.S.C. § 8331(20) (1982).[2] Following his request for reconsideration, OPM affirmed its decision stating that "the evidence does not show that your primary duties" met the statutory definition.

On appeal to the Board, the presiding official considered only the position descriptions. Although he noted that "the letters from [Little's] former supervisors state that [Little] performed duties which are creditable as law enforcement officer service," he ruled that "as provided by 5 C.F.R. § 831.903(a), the duties and responsibilities as set forth in the official position description must be governing."[3] Since he found that the position descriptions showed that Little's investigative duties were incidental to his other responsibilities, the presiding official held that Little had not carried his burden of proving creditable law enforcement service.

Little petitioned for review to the full Board, which held that the presiding official erred[4] in refusing to consider evidence of duties actually performed, because "actual duties performed by an individual are dispositive." Citing *Ellis v. United States,* 610 F.2d 760, 222 Ct.Cl. 65 (1979), the full Board ruled that "[a]ll relevant evidence, including position descriptions, should be considered in making the factual determination of whether an individual's service is

law enforcement service for purposes of retirement under 5 U.S.C. Section 8336(c)."

The full Board then reviewed the record evidence and found it "not sufficient to carry [Little's] burden." The Board observed that the record did not contain documentation showing that his actual duties included criminal investigation and apprehension or detention of persons suspected of violating the law. Thus, the record did not demonstrate Little's performance of law enforcement activities. The Board noted that although the letters from former supervisors attested to his conduct of criminal investigations during 60 to 65% of his working time, the letters were "summary and without supporting evidence."

Little had the right to seek judicial review of this final order of the Board under 5 U.S.C. § 7703(a)(1) (1982). This court has jurisdiction pursuant to 28 U.S.C. § 1295(a) (1982).

## OPINION

On appeal to this court, OPM first argues that the presiding official was correct in considering only the position descriptions. Distinguishing *Ellis* as applicable only to firefighters, OPM argues that 5 C.F.R. § 831.903(a) correctly requires the determination of law enforcement officer status to be based on an employee's "primary duties, as set forth in the official position description." We disagree.

---

**2.** In pertinent part, 5 U.S.C. § 8331(20) provides:

"[L]aw enforcement officer" means an employee, the duties of whose position are primarily the investigation, apprehension, or detention of individuals suspected or convicted of offenses against the criminal laws of the United States....

**3.** 5 C.F.R. § 831.903(a) (1983) provides:

"Law enforcement officer" includes an employee whose primary duties, as set forth in the official position description, require the investigation, apprehension, or detention of persons suspected or convicted of offenses against the criminal laws of the United States. Law enforcement officer does not include an employee in a position the primary and regular duties of which involve maintaining law and order, protecting life and property, ... or whose duties only occasionally or incidentally

require ... investigation, apprehension, or detention....

**4.** Little challenges the Board's ruling that this was a harmless error, essentially arguing that he was denied the right to influence the decision-maker. *Cf. Cleveland Board of Education v. Loudermill,* —— U.S. ——, ——, 105 S.Ct. 1487, 1494, 84 L.Ed.2d 494 (1985); *Miguel v. Department of the Army,* 727 F.2d 1081, 1086 (Fed.Cir. 1984). No hearing was requested at the presiding official level and thus there was no need for a determination on the credibility of any witness. Since the Board granted Little's petition for review and considered all the evidence *de novo,* whether the presiding official's error was "harmless" or whether it was an error "going to the heart of the administrative determination," *Gaines v. United States,* 158 Ct.Cl. 497, 502, *cert. denied,* 371 U.S. 936, 83 S.Ct. 309, 9 L.Ed.2d 271 (1962), is an issue we do not reach.

In *Ellis*, the court addressed the validity of 5 C.F.R. § 831.904(a) (1978), which reads: " 'Firefighter' includes an employee whose primary duties, as set forth in the official position description, require the performance of work directly connected with the control and extinguishment of fires...." OPM argued that its regulation required "looking only to position descriptions" to determine firefighter status. *Ellis*, 610 F.2d at 764–65. The court concluded that such a requirement contradicted the intent of the definitional statute, 5 U.S.C. § 8331(21).[5] Therefore, the *Ellis* court "held to be a nullity that portion of 5 C.F.R. § 831.904(a) which requires the determination of an employee's primary duties to be based solely on the official position description." *Cole v. Office of Personnel Management*, 754 F.2d 984, 986 (Fed.Cir.1985).

■ The entitlement statute states that "service as a law enforcement officer or firefighter, or any combination of such service" is creditable service. 5 U.S.C. § 8336(c)(1). Since the statute treats the professions as interchangeable and since the relevant portions of the statutory definitions are identical, there is no valid reason for restricting *Ellis* to firefighters. The reasoning of *Ellis* is fully applicable to law enforcement officers and it is controlling here. Thus, we hold "to be a nullity that portion of 5 C.F.R. § [831.903(a)] which requires the determination of an employee's primary duties to be based solely on the official position description." *Cole v. Office of Personnel Management*, 754 F.2d at 986.

Alternatively, OPM argues that judicial review of a Board decision is narrow, and that Little has failed to demonstrate that the Board's decision must be overturned.

■ Our standard of review of a Board decision is established by 5 U.S.C. § 7703(c) (1982). As relevant here, a Board decision on factual matters must be sustained unless it is unsupported by substantial evidence. *Hayes v. Department of Navy*, 727 F.2d 1535 (Fed.Cir.1984).

The Board considered the position descriptions as well as all the other relevant evidence and ruled that Little's evidence, although unrebutted by OPM, was insufficient to prove an entitlement to the annuity. The Board examined that evidence by a preponderance of the evidence standard: "[t]hat degree of relevant evidence which a reasonable mind, considering the record as a whole, might accept as sufficient to support a conclusion that the matter asserted is more likely to be true than not true." 5 C.F.R. § 1201.56(c)(2) (1984). As we discern its ruling, the Board in such cases requires three categories of information. When an employee seeks to contradict a position description, he must present, at a minimum, an assertion of the claim, corroborated by evidence which describes the actual primary duties, which in turn must be substantiated by supporting documentary evidence.

Such a requirement is not inconsistent with *Ellis*, where the court considered the claimant's own assertion as well as a record "replete with affidavits" describing numerous occasions of his direct participation in firefighting. *Ellis*, 610 F.2d at 764 n. 7. Furthermore, the court regarded the increased deduction of pay to fund the benefit as evidence of the agency's belief that Ellis was entitled to the benefit. *Id.*, at 763, 765. *Cf. Obremski v. Office of Personnel Management*, 699 F.2d 1263 (D.C.Cir.1983) (current employee seeking ruling of law enforcement officer status prevails based on own assertion and account, supervisor's letter, and position vacancy announcement which necessarily advertised the position as a law enforcement position).

■ As the Board seems to have applied that requirement to this case, Little's own letter was the assertion of a claim, which was corroborated by letters from two former supervisors stating what his actual

---

**5.** 5 U.S.C. § 8331(21) provides:
   " 'Firefighter' means an employee, the duties of whose position are primarily to perform work directly connected with the control and extinguishment of fires...."

duties were. The only substantiating documentary evidence was a record of one arrest made by Little for the entire ten year period. By way of contrast, in an analogous case the Board regarded as sufficient substantiating evidence an "Individual Firefighter Experience Record," which the record reveals was a summary log of the fires Cole fought during the period. *Cole v. Office of Personnel Management,* No. DA08318310075, slip op. at 7 (MSPB July 29, 1983). Considering the evidentiary record as a whole, we cannot hold that the Board's evaluation of the weight of the evidence was unreasonable. Thus, the Board's decision that Little's evidence did not satisfy his burden of proof cannot be overturned under our standard of review.

We are not holding that Little's actual duties in fact fail to meet the statutory requirements. We hold only that, on the evidence submitted, the Board correctly held that Little failed to prove his entitlement to a benefit. While we sympathize with Little's plight on this very close question, under our standard of review we are persuaded that the Board's decision must be affirmed.

AFFIRMED.