Gary B. BISSON, Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT, Respondent.

No. 89–3410.

United States Court of Appeals, Federal Circuit.

July 6, 1990.

Rehearing Denied Aug. 13, 1990.

Suggestion for Rehearing In Banc Declined Sept. 5, 1990.

Gary B. Bisson, of the Agency for Intern. Development, Washington, D.C., argued pro se.

Paul David Langer, of the Dept. of Justice, Washington, D.C., argued for respondent. With him on the brief were Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director and Stephen J. McHale, Asst. Director. Of counsel were Jaime Ramon, Gen. Counsel, Thomas F. Moyer, Asst. Gen. Counsel, and Earl A. Sanders, Office of Gen. Counsel, Office of Personnel Management.

Before NIES, Chief Judge, and PLAGER, Circuit Judge, and SHARP, District Judge.[*]

* Chief Judge Allen Sharp of the United States District Court for the Northern District of Indiana, sitting by designation.

ALLEN SHARP, District Judge.

The issue presented on appeal is whether the petitioner, Gary B. Bisson, is entitled to civil service retirement credit under the Civil Service Retirement System (CSRS), 5 U.S.C. § 8331 et seq. for his service as a "private roll" employee of the Smithsonian Institution (Smithsonian). The Office of Personnel Management (OPM) held that Bisson is not entitled to credit for his service as a private roll employee. The Merit Systems Protection Board (MSPB) affirmed the decision of the OPM. This court affirms the decision of the MSPB.

Bisson was first hired as a "private roll" employee of the Smithsonian effective February 12, 1962. Private roll employees were paid from private trust funds rather than from federally appropriated funds. During his time on the private roll, he did not contribute to the CSRS. In October of 1962, the Smithsonian terminated Bisson's private roll employment and appointed him to the federal roll. Bisson continued his employment with the Smithsonian until February 9, 1968, when he resigned. While on the federal roll, Bisson was credited time for and paid into the CSRS. Effective October 22, 1974, Bisson was appointed to a position with the Agency for International Development (AID), State Department, where he remains employed in the Office of General Counsel. As an employee of the State Department, Bisson is participating in the Foreign Service Retirement and Disability System (FSRDS), 22 U.S.C. § 4041 et seq. (1988).

The petitioner first raised the issue of civil service retirement credit for his Smithsonian private roll employment with the State Department, his current employing agency, in 1985. On October 7, 1985 by letter, AID referred the question to the OPM and requested a ruling on the matter. Meanwhile, without waiting for a reply from the State Department, the petitioner directly raised the question of the creditability of his private roll Smithsonian service with the OPM by a letter dated February 10, 1986.

On March 19, 1986, the OPM denied the petitioner's claim for service credit. In that decision, the OPM held that petitioner's employment as a private roll employee was not creditable for civil service retirement purposes.

Bisson then requested reconsideration of OPM's initial decision pursuant to 5 C.F.R. § 831.109 (1989). Bisson argued that he was a federal employee and cited a 1947 Civil Service Commission minute entry allowing 35 private roll employees to be considered federal employees for CSRS purposes. Those 35 employees were considered under the Civil Service Retirement System even though they were on the private roll at the Smithsonian. However, in 1970 the Civil Service Commission ruled that while the original 35 employees and their successors (who had been paying into the retirement system) appointed prior to March 2, 1970 were entitled to credit for time served for civil service retirement purposes, all future Smithsonian private roll employees were not a part of the CSRS. The OPM, in affirming its initial decision, stated that Bisson was not a federal employee because he was paid from the Smithsonian trust funds and that his time as a private roll employee was not eligible for CSRS credit because he was not one of the 35 employees addressed in the 1947 minute entry. Bisson appealed the decision of the OPM to the MSPB. On November 10, 1988, the MSPB affirmed the decision of the OPM denying Bisson's claim for credit for private roll service.

The petitioner filed a petition for review to the full Board pursuant to 5 C.F.R. § 1201.114–116 (1989). On July 14, 1989, the MSPB denied his petition for review. 41 M.S.P.R. 341. Bisson then appealed to this court. On March 8, 1990 during oral argument, this panel requested additional briefing on its jurisdiction. This court was concerned particularly with whether this matter was a case or controversy within the meaning of Article III of the United States Constitution. The court questioned whether it would be issuing an advisory opinion since Bisson had not yet retired.

In *Baker v. United States*, 614 F.2d 263, 270–71 (Ct.Cl.1980), a petition filed in the Court of Claims seeking retirement

credit was dismissed because the petitioner was not eligible for retirement and sought no monetary relief. We agree with the parties that *Baker* is not applicable to this case. The Court of Claims was operating under the constraints on its jurisdiction under the Tucker Act, 28 U.S.C. § 1491 (1976), which limited that court to cases in which there was a claim for monetary relief. In contrast, nothing in our jurisdictional statute contains a similar restriction.

Moreover, the appeal to the MSPB falls within its appellate jurisdiction set forth in 5 U.S.C. § 8347(d)(1)(1982) and 5 C.F.R. § 831.110 (1990). *See Garone v. Office of Personnel Management,* 4 MSPB 2, 3 M.S. P.R. 478 (1980); *see also Crowder v. Office of Personnel Management,* 21 M.S.P.R. 293, 295 (1984). The appeal to us is within the language of 5 U.S.C. § 7703(b)(1) (1982), being an appeal from a final decision of the MSPB. The matter is, therefore, appealable unless it does not meet the requirement of a case or controversy.

On the record here, we conclude that the facts give rise to an actual controversy between these parties which is capable of resolution through the judicial process. *See GTE Sylvania, Inc. v. Consumers Union,* 445 U.S. 375, 382–83, 100 S.Ct. 1194, 1199–1200, 63 L.Ed.2d 467 (1980); *Cf. Little v. Office of Personnel Management,* 762 F.2d 962 (Fed.Cir.1985) (jurisdiction taken in similar situation.) Specifically, the statutory scheme of the CSRS pertaining to deposits for covered service, and the consequences of failure to make such a deposit, see 5 U.S.C. § 8334 covering deposits, interest and annuity reductions, creates an immediate direct injury to Bisson.

The standard of review in this matter is governed by Section 7703(c) of title 5, United States Code. The code states:

(c) In any case filed in the United States Court of Appeals for the Federal Circuit, the court shall review the record and hold unlawful and set aside any agency action, findings, or conclusions found to be—

(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(2) obtained without procedures required by law, rule, or regulation having been followed; or

(3) unsupported by substantial evidence;

except that in the case of discrimination brought under any section referred to in subsection (b)(2) of this section, the employee or applicant shall have the right to have the facts subject to trial de novo by the reviewing court.

5 U.S.C. § 7703(c) (1988).

■ The issue before us is whether Bisson may receive civil service retirement credit for the time he served as a private roll employee at the Smithsonian. In support of his argument for having his private roll employment time credited to the CSRS, Bisson argues that it is not a requirement that the standard federal appointment form be used in appointing one to the federal roll and that under a minute entry made in 1947 by the Civil Service Commission Bisson should be treated as a federal employee for CSRS purposes.

To receive benefits from the CSRS one must be an employee. The term "employee" is defined in 5 U.S.C. § 8331(1) (1988) by reference to § 2105(a) of Title 5, United States Code. Section 2105(a) defines employee as:

(1) appointed in the civil service by one of the following [federal officials] acting in an official capacity—

\*  \*  \*  \*  \*  \*

(2) engaged in the performance of a Federal function under authority of law or an Executive act; and

(3) subject to the supervision of an individual named by paragraph (1) of this subsection while engaged in the performance of the duties of his position.

5 U.S.C. § 2105(a) (1988).

In *Horner v. Acosta,* this court said that all three of the elements found in 5 U.S.C. § 2105(a) must be met for an individual to be a federal employee. The court further said that all of the elements have independent significance and are strictly applied. *Horner v. Acosta,* 803 F.2d 687, 691 (Fed. Cir.1986); *Watts v. Office of Personnel*

*Management,* 814 F.2d 1576, 1579 (Fed. Cir.), *cert. denied,* 484 U.S. 913, 108 S.Ct. 258, 98 L.Ed.2d 216 (1987).

The first question that must be answered is whether Bisson was appointed. It is well established that an appointment is necessary for a person to hold a government position and be entitled to its benefits. *Horner,* 803 F.2d at 692. In Bisson's case, he admits that he was a private roll employee. As a private roll employee, Bisson was not appointed in the civil service by a federal official acting in an official capacity. Bisson's own appointment document identifies itself as "Smithsonian Institution Private Roll." This appointment paper was to serve as notice that Bisson was a private roll employee. Also in the record is a Request for Personnel Action which indicates that Bisson was to be terminated from the private roll when his appointment to the federal roll became effective. Thus, the Smithsonian made a distinction between the two rolls. Based upon the Smithsonian's designation, Bisson was a private roll employee from February 12, 1962 to October 10, 1962. The time Bisson was a private roll employee does not meet the requirements for a federal appointment. Thus, Bisson's time as private roll employee cannot be credited to the CSRS.

Bisson's argument fails to establish that he is entitled to civil service retirement credit under the 1947 minute entry. The record reflects that 35 individuals were given coverage in the CSRS by a minute entry by the Civil Service Commission in 1947. However, Bisson admits that he was not one of the original 35 who received coverage in the CSRS. Therefore, the 1947 minute entry does not affect Bisson.

█ Bisson also raises an equal protection argument, claiming that the 1947 minute entry improperly treats 35 Smithsonian private roll employees in a different manner than all other private roll employees. The MSPB considered this argument and concluded that

> [m]erely because the [Civil Service] Commission at one time mistakenly believed, and so ruled, that trust fund employees were federal employees, does not affect the current case.
>
> Even if a ruling of the Commission was unauthorized, the Government is not thereby estopped to correctly apply the annuity retirement law. *Baker v. United States,* 614 F.2d 263, 267 (1980). The Commission cannot change the law enacted by Congress. It could, however, change its interpretation of the law as is frequently done by government departments. *Id.* [Bisson] alleges this interpretation may be changed only prospectively. This is not the case where its original interpretation was wrong.

*Bisson v. Office of Personnel Management,* No. DC08318810472, slip op. at 6 (M.S.P.B. Nov. 10, 1988). We do not find the MSPB's conclusion on this issue to be arbitrary, capricious or an abuse of discretion.

In short, Bisson fails to show that the decision by the MSPB was arbitrary, capricious or an abuse of discretion. The MSPB was correct when it found that the time Bisson was on the private roll should not be credited towards the CSRS. Thus, Bisson is not entitled to civil service retirement credit while he was a private roll employee.** In light of the fact that Bisson is a current participant in the FSRDS, our decision is not designed to foreclose Bisson from pursuing any remedy he may have with the State Department.

AFFIRMED.

---

** We decline Bisson's suggestion that we seek *in banc* consideration of this case to have *Horner v. Acosta* and other controlling precedent overruled.