NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3272

KYO R. JHIN,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Kyo R. Jhin, of Malibu, California, pro se.

Russell A. Shultis, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Alan J. Lo Re, Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3272

KYO R. JHIN,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Petition for review of the Merit Systems Protection Board
in DC0841090172-I-1.

_____

DECIDED: March 3, 2010

_____

Before BRYSON, and MOORE, <u>Circuit Judges</u>, and FOLSOM, <u>Chief District Judge</u>.[*]

PER CURIAM.

## DECISION

Kyo R. Jhin challenges the decision of the Merit Systems Protection Board dismissing his appeal. We <u>affirm</u>.

_____

[*]  The Honorable David Folsom, Chief Judge, United States District Court for the Eastern District of Texas, sitting by designation.

BACKGROUND

Dr. Jhin served as an interpreter and administrative assistant for the United States Army in South Korea from September 15, 1950, until September 15, 1955. In 2008, he applied to the Office of Personnel Management ("OPM") for service credit for that period of service under the Civil Service Retirement System ("CSRS"). OPM denied his request because it concluded that his service did not qualify as credible Federal civilian service under 5 U.S.C. § 2105(a). On Dr. Jhin's request for reconsideration, OPM affirmed its initial decision.

Dr. Jhin appealed OPM's decision to the Merit Systems Protection Board. The administrative judge who was assigned to his case held a telephonic conference on February 4, 2009, at which Dr. Jhin presented his case. Counsel for OPM failed to appear. Dr. Jhin testified at the conference, but in several places during his testimony the transcript reads "inaudible." Toward the end of his testimony, Dr. Jhin began to read a letter from Major Ernest Edgar Phillips, Jr., who served as the company commander for the Army regiment where Dr. Jhin served. The administrative judge interrupted Dr. Jhin and said, "It isn't necessary to read the letter, because I'm looking at the letter. I have the copy that you sent me." When Dr. Jhin concluded his testimony, the administrative judge asked him if he had anything to add to the record. He responded, "Not other than that I already submitted to you."

To receive benefits under the CSRS, Dr. Jhin was required to prove that he was an "employee" under 5 U.S.C. § 2105(a). That statute defines an employee as one who was: (1) appointed in the civil service by a federal official acting in an official capacity; (2) engaged in the performance of a federal function under authority of law or an

executive act; and (3) subject to the supervision of the appointing official while engaged in the performance of the duties of his position. Id.; Bisson v. Office of Pers. Mgmt., 908 F.2d 947, 949 (Fed. Cir. 1990); Horner v. Acosta, 803 F.2d 687, 691-92 (Fed. Cir. 1986). Following Dr. Jhin's hearing, the administrative judge ruled, based on the evidence that Dr. Jhin presented, that "it appears likely that [he] performed a federal function under the supervision of a Federal official." However, the administrative judge found that Dr. Jhin had failed to establish that his service was undertaken pursuant to a civil service appointment.

Dr. Jhin petitioned for review by the full Board, but that full Board denied review. Dr. Jhin now petitions for review by this court.

DISCUSSION

Dr. Jhin argues that the Board abused its discretion because the administrative judge insisted on a telephonic conference and interrupted Dr. Jhin's oral testimony, resulting in the suppression of evidence crucial to Dr. Jhin's case. We disagree.

First, the administrative judge did not err by interrupting Dr. Jhin's testimony as he was reading the letter from Major Phillips. Dr. Jhin asserts that he understood the administrative judge's explanation that "it isn't necessary to read the letter" as a prohibition against discussing anything related to the letter. However, the record shows that the administrative judge simply told Dr. Jhin that reading the letter was unnecessary because it was redundant, as the letter was already in front of the administrative judge, who could read it for herself. There is no indication in the record that the administrative judge prevented Dr. Jhin from introducing evidence relating to the matters addressed in the letter.

Second, it was not error for the administrative judge to conduct the proceedings by telephonic conference. Dr. Jhin asserts that he asked to participate in the hearing in person but that the administrative judge directed him to appear by telephone. However, there is no evidence in the record that Dr. Jhin asked to participate in person or that he objected to the telephonic conference. Because Dr. Jhin did not preserve any objection he may have had to conducting the proceedings by telephonic conference, that issue is waived. In re Bailey, 182 F.3d 860, 872 (Fed. Cir. 1999).

Even if the issue were properly before us, we are not persuaded that conducting the hearing by telephonic conference had any potentially adverse effect on Dr. Jhin's substantive rights. See Lowe v. Dep't of Def., 67 M.S.P.R. 97, 99-101 (1995); McGrath v. Dep't of Def., 64 M.S.P.R. 112, 116 (1994). Dr. Jhin alleges that in two places the record fails to reflect his statement that Major Phillips was alive and could testify that he swore Dr. Jhin into the civil service. Dr. Jhin asserts that the omission was likely caused by technical difficulties associated with the telephone conference. Assuming that is so, Dr. Jhin would not prevail even if his alleged statements regarding Major Phillips had been preserved in the record. Dr. Jhin had the burden to produce evidence at the hearing, Steiner v. Office of Pers. Mgmt., 78 M.S.P.R. 53, 55 (1998), and declaring what a witness could testify to is very different from actually producing that testimony. If Dr. Jhin needed more time to prepare his case or to obtain Major Phillips's testimony, he should have raised that issue before the administrative judge. Not having done so, he has waived the issue. See Wallace v. Dep't of the Air Force, 879 F.2d 829, 832 (Fed. Cir. 1989). As to Dr. Jhin's contention that holding a telephonic conference violated his due process rights, we have held that the opportunity to be heard via a

telephonic conference is sufficient to satisfy the requirements of due process. <u>In re Bailey</u>, 182 F.3d at 872.

To the extent Dr. Jhin argues that Major Phillips's testimony constituted new and material evidence, he did not present that argument before the Board and has thus waived it. <u>Wallace</u>, 879 F.2d at 832. And even absent waiver, Dr. Jhin did not make the requisite showing that the alleged evidence was "unavailable despite due diligence." <u>Brenneman v. Office of Pers. Mgmt.</u>, 439 F.3d 1325, 1328 (Fed. Cir. 2006); <u>Azarkhish v. Office of Pers. Mgmt.</u>, 915 F.2d 675, 679 (Fed. Cir. 1990). To the contrary, Major Phillips's recollections were already available, as demonstrated by his letter that Dr. Jhin submitted into evidence. Thus, the testimony that Major Phillips allegedly could have given was not new and material evidence.

Finally, Dr. Jhin argues that the Board's decision was erroneous because OPM was not properly represented at the hearing. Dr. Jhin has not offered any explanation of why the absence of opposing counsel resulted in prejudice to him. If anything, counsel's absence benefitted him because OPM was unable to challenge the evidence Dr. Jhin presented at the hearing. The absence of counsel for OPM is therefore not a basis for reversal.

Finding no reversible error, we affirm the decision of the Board.